ESTATE OF ALVIN THALHEIMER, RUTH B. ROSENBERG, SURVIVING EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent ESTATE OF HENRIETTA G. BLAUSTEIN, HILDA K. BLAUSTEIN and RUTH B. ROSENBERG, SURVIVING EXECUTRICES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ESTATE OF THALHEIMER v. COMMISSIONER
Docket Nos. 5684-69, 1661-70.
United States Tax Court
T.C. Memo 1977-49; 1977 Tax Ct. Memo LEXIS 391; 36 T.C.M. (CCH) 212; February 28, 1977, Filed *391 John S. McDaniel, Jr.,Lawrence A. Kaufman and Walter J. Rockler, for the petitioners. Arnold E. Kaufman, for the respondent. GOFFE
SECOND SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: On January 11, 1977, we filed our Supplemental Memorandum Findings of Fact and Opinion (T.C. Memo 1977-3) in which we attempted to carry out the mandate of the United States Court of Appeals for the Fourth Circuit. That mandate required us to consider a matter not previously presented to us; i.e., whether a duplication existed in the valuation of the underlying assets of ATAPCO by reason of advances made by ATAPCO to Charles Street Development Corp. Pursuant to that Supplemental Opinion, we entered an order whereby the parties were given 60 days from service of the order within which to file computations under Rule 155 or to otherwise move. On February 10, 1977, petitioners filed a Motion for Reconsideration of Supplemental Memorandum Findings of Fact and Opinion which we have granted, for reasons which are set forth below in our opinion. Accordingly, we find the following facts, which, to the extent that they are inconsistent with those *392 found in our Memorandum Findings of Fact and Opinion filed August 5, 1974, and in our Supplemental Memorandum Findings of Fact and Opinion filed January 11, 1977, supersede such facts and we find the following Ultimate Findings of Fact which supersede in full the Ultimate Findings of Fact found on January 11, 1977. FINDINGS OF FACT The fair market values of advances owed by Charles Street Development Corp. to ATAPCO on July 8, 1965 and December 8, 1965, did not exceed $450,000 on each of the said dates. The underlying net asset values of the class A and class B common stock of ATAPCO as of July 8, 1965 and December 8, 1965, were $122,307,483 and $124,015,214, respectively, or $168.24 and $170.59 per share, respectively. ULTIMATE FINDINGS OF FACT 1. The fair market value of Dr. Thalheimer's 15,367 shares of class A common stock of ATAPCO as of July 8, 1965, was $111 per share with a total fair market value of $1,705,737. 2. The fair market value of Dr. Thalheimer's 28,745 shares of class B common stock of ATAPCO as of July 8, 1965, was $106 per share with a total fair market value of $3,046.970. 3. The fair market value of Mrs. Blaustein's 9,700 shares of class *393 A common stock of ATAPCO as of December 8, 1965, was $112 per share with a total fair market value of $1,086,400. 4. The fair market value of Mrs. Blaustein's 29,100 shares of class B common stock of ATAPCO as of December 8, 1965, was $106 per share with a total fair market value of $3,084,600. OPINION ATAPCO and the other shareholders of Charles Street advanced funds to Charles Street proportionate to their stock ownership. On the valuation dates involved, July 8, 1965 and December 8, 1965, the net fair market value of the assets of Charles Street was $1,800,000. Charles Street owed advances to its shareholders in the amounts of $2,596,000 and $2,576,000 on July 8, 1965 and December 8, 1965, respectively. Because the liabilities of Charles Street exceeded its assets, the fair market value of ATAPCO's stock in Charles Street was zero and the fair market values of the advances from ATAPCO to Charles Street did not exceed $450,000 on both valuation dates. We do not agree with the characterization of the $450,000 which petitioners use in the memorandum accompanying their motion; i.e., capital investment. The $450,000 represents debt, not equity investment. There is no evidence *394 in the record that the advances from ATAPCO to Charles Street were anything other than debt. Without deciding whether the cases cited by petitioners apply to our redetermination of value on January 11, 1977, in the redetermination herein we have rounded off the values to the nearest whole dollar amounts because petitioners and respondent both requested values in whole dollar amounts in their briefs. It is inappropriate, therefore, to value the shares with more precision than the parties requested. An appropriate order will be entered.